CASE NO.:13-15207-B

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

SECHAN REALTY, INC.,

Appellant,

v.

NANETTE MERCER,

Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE HONORABLE ROBERT N. SCOLA, JR.

APPELLEE'S ANSWER BRIEF

_____

**MARCY I. LAHART, P.A.**
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
4804 SW 45th Street
Gainesville, Florida 32608
Ph: (352) 224-5699

**ROBERT N. HARTSELL, P.A.**
Robert N. Hartsell, Esq.
Florida Bar No. 636207
Sarah M. Hayter, Esq.
Florida Bar No. 83823
Robert@Hartsell-Law.com
Sarah@Hartsell-Law.com
Federal Tower Building
1600 S. Federal Highway, Suite 921
Pompano Beach, Florida 33062
Ph: (954) 778-1052
Fax: (954) 941-6462

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

A complete list of persons, associated persons, firms, partnerships or corporations that have a financial interest in the outcome of this case, including all subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party:

Elizabeth D. Gaukroger, Esq., Counsel for Appellant

Hackelman, Olive, Judd, P.A., Counsel for Appellant

Marcy I. LaHart, Esq., Counsel for Appellee

Marcy I. LaHart, P.A., Counsel for Appellee

Nanette Mercer, Plaintiff

Robert N. Hartsell, Esq., Counsel for Appellee

Robert N. Hartsell, P.A., Counsel for Appellee

Sarah M. Hayter, Esq., Counsel for Appellee

Sechan Realty, Inc., Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellee believes the issues on appeal may be sufficiently determined through briefing, and, accordingly, does not request oral argument.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ......................................................... i

STATEMENT REGARDING ORAL ARGUMENT .............................................. ii

TABLE OF CONTENTS........................................................................................ iii

TABLE OF CITATIONS ...................................................................................... iv

STATEMENT OF THE CASE................................................................................1

STANDARD OF REVIEW ....................................................................................3

SUMMARY OF THE ARGUMENT .....................................................................3

ARGUMENT ..........................................................................................................5

   I. THE DISTRICT COURT HAD JUSRIDICION TO ENJOIN MERCER'S EVICTION PENDING RESOLUTION OF HER FAIR HOUSING CLAIMS ....5

    A.  The Rooker-Feldman doctrine does not prevent the federal court from exercising jurisdiction over Mercer's Fair Housing Claims. ..............................5

    B.  Mercer's claims are not barred by the Anti-Injunction Act. ........................9

    C.  The circumstances of this case do not warrant abstention. .........................11

    D.  *Res judicata* does not bar Mercer's requested injunctive relief. ................13

   II. MERCER'S SETTLMENT AGREEMENT CONCERNING PRIOR DISCRIMINATORY ACTS BY THE LANDLORD HAS NO BEARING ON THE LANDLORD'S SUBSEQUENT DISCRIMINATORY ACTS..................14

CONCLUSION ......................................................................................................16

CERTIFICATE OF COMPLAINCE....................................................................16

## <u>TABLE OF CITATIONS</u>

**United States Supreme Court**

*Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970)……………………………………………………………………...10

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)……………………………………………………………………...11

*Kugler v. Helfant*, 421 U.S. 117 (1975)………………………………………...12

*Lance v. Dennis,* 546 U.S. 459 (2006)………………………………………...……5

*Mitchum v. Foster*, 407 U.S. 225 (1972)…………………………………………12

*Younger v. Harris*, 401 U.S. 37(1971)……………………………………..9, 11, 12

**Third Circuit Court of Appeal**

*Sullivan v. Pittsburgh*, 811 F.2d 171, 177 (3d Cir.1987), cert. den., 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987)………………………………………….12

**Fourth Circuit Court of Appeal**

*Caulder v. Durham Housing Authority*, 433 F.2d 998 (4th Cir. 1970)………...9, 10

**Sixth Circuit Court of Appeal**

*Berry v. Schmitt*, 688 F.3d 290 (6th Cir. 2012)………………………………….7

**Eighth Circuit Court of Appeal**

*Dornheim v. Sholes*, 430 F.3d 919 (8th Cir. 2005)…………………………...5, 6, 9

*Stebbins v. Harp & Assocs., LLC*, No. 13-1262, 2013 WL 4105654 (8th Cir. Ark. Aug. 15, 2013)…………………………………………………………………...9

**Eleventh Circuit Court of Appeal**

*Johnson v. U S. Dep 't of Agric.*, 734 F.2d 774 (11th Cir. 1984)…………………13

*Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066 (11th Cir. 2013)…………..5

*Nicholson v. Shafe*, 558 F.3d 1266 (11th Cir. 2009)……………………………5, 7

*Palmer v. Braun*, 287 F.3d 1325 (11th Cir. 2002)…………………………………3

*Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250 (11th Cir. 2005)…………3

*United States v. Hialeah Hous. Auth.*, 418 Fed. Appx. 872 (11th Cir. 2011)…….14

**Federal District Court Cases**

*Oxford House Evergreen v. City of Plainfield*, 769 F. Supp 1329, 1334 (D.N.J. 1991)……………………………………………………………………………11

*Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317-318, (E.D.N.Y. 2012)………………………………………………………………………9, 11

**Federal Statutes**

Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*………………………………..6

**Florida Supreme Court Cases**

*Broward County v. La Rosa*, 505 So.2d 422, 423-424 (Fla. 1987)………………12

*Metropolitan Dade County Fair Housing and Employment Appeals Board v. Sunrise Village Mobile Home Park, Inc.*, 511 So.2d 962 (Fla. 1987)…................12

v

## <u>STATEMENT OF THE CASE</u>

Appellee/Plaintiff, Nanette Mercer ("Mercer"), a disabled seventy-seven year-old woman, has resided in an apartment owned by the Appellant/Defendant Sechan Realty, Inc. ("the Landlord") for seven years. The Landlord failed to renew Mercer's lease, and filed a complaint for eviction against Mercer on July 27, 2013 in the 17th Judicial Circuit in and for Broward County, Florida. ( A-1, Vol. 1). Mercer was not in arrears as she had continued to make timely rental payments. Nonetheless, the Landlord moved for a default eviction based upon Mercer's failure to pay rent into the Court registry, notwithstanding the fact that the rent had already been received by the Landlord. The Landlord had accepted and held Mercer's rent checks for June, July and August, 2013 and, only after moving for a default eviction, returned the checks to Mercer's undersigned counsel. (A-1, Ex."E", Vol. 1)

On August 21, 2013 Mercer filed a Verified Complaint and Demand for jury trial in District Court for the Southern District of Florida ("District Court") alleging that the eviction was filed solely to retaliate against Mercer because she had asserted her Fair Housing Act rights when the Landlord previously refused to renew Mercer's release because Mercer has an assistance animal. (A-1, Vol. 1). Mercer simultaneously sought a Temporary Restraining Order ("TRO") to prevent

her from being forced to leave her apartment before her Fair Housing Act rights were considered by the court. (A-3, Vol. 1) On August 21, 2013 the District Court granted the TRO and set a hearing to be held five days later on August 26, 2013. (A-7, Vol. 1).

At the hearing, the Landlord's counsel asserted that the District Court lacked jurisdiction to hear Mercer's Fair Housing Act claims because Mercer had raised housing discrimination as a counterclaim to the eviction in state court. As counsel for Mercer pointed out, an eviction order had been granted that, if not enjoined, would preclude consideration of Mercer's housing discrimination claims until it was too late. The District Court dissolved the TRO subsequent to the hearing and directed briefing on the Court's jurisdiction. (A-12, Vol. 1).

As Mercer's counsel predicted, because Florida state courts interpret the fair housing laws as requiring a discrimination victim to exhaust administrative remedies before seeking relief in court, Mercer's counterclaim for violations of the fair housing act were dismissed on September 18, 2013 (A-16, Vol. 1), and the District Court subsequently reinstated the TRO. (A-17, Vol. 1).

The Landlord filed two subsequent motions, a Motion to Vacate on September 19, 2013 (A-18, Vol. 1) and Motion to Enforce Settlement Agreement and Dissolve Temporary Restraining Order on September 30, 2013 (A-21, Vol. 1). Subsequent to the denial of both motions, the Landlord filed the instant appeal.

2

## STANDARD OF REVIEW

The Landlord asks this Court to overturn the District Court's decision to enjoin Mercer's ouster from her home pending resolution of Mercer's Fair Housing Act claims. The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." *Solantic,* 410 F.3d at 1253-1254 (*citing Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002)). The appellate court reviews the district court's findings of fact for clear error, and its application of the law de novo, "premised on the understanding that 'application of an improper legal standard . . . is never within a district court's discretion.'" *Solantic, LLC v. City of Neptune Beach*, Id., internal citations omitted.

## SUMMARY OF THE ARGUMENT

The Landlord attacks the District Court's jurisdiction to enter an injunction preventing Mercer from being ousted from her home of seven years on a variety of grounds. It first claims that the *Rooker-Feldman* doctrine bars the District Court from exercising jurisdiction. This argument fails because Mercer does not seek review of the state court's order, and also because Mercer initiated her federal housing discrimination complaint before the state matter was concluded.

3

Next, the Landlord claims that the District Court may not enjoin its efforts to evict Mercer based upon the Anti-Injunction Act and/or the *Younger* abstention doctrine. The Anti-Injunction Act does not apply to Mercer because she was not allowed to raise her federal discrimination claims in the state eviction proceeding. Furthermore, the *Younger* doctrine does not apply because there is no longer a state proceeding, Florida has no important state interest in evicting a seventy-seven year-old disabled woman, and Mercer did not have a full and fair opportunity to litigate her federal claims in the state proceeding as required by the doctrine.

Next, the Landlord asserts that Mercer's fair housing claims are barred by *res judicata*. Given that Mercer's fair housing claims have never been considered on their merits, this argument must fail.

Finally, the Landlord claims that a settlement agreement between the parties that resolved a previous housing discrimination claim somehow prevents Mercer from challenging the Landlord's most recent discriminatory conduct, which took place after the settlement agreement was executed. The settlement agreement resolving a prior discrimination claim in exchange for the Landlords waiving two month's rent and renewing her lease did not allow the Landlord free reign to discriminate against Mercer in the future.

4

<u>**ARGUMENT**</u>

## I. THE DISTRICT COURT HAD JUSRIDICTION TO ENJOIN MERCER'S EVICTION PENDING RESOLUTION OF HER FAIR HOUSING CLAIMS

### A. The Rooker-Feldman doctrine does not prevent the federal court from exercising jurisdiction over Mercer's Fair Housing Claims.

The Landlord argues that the District Court has no jurisdiction to consider Mercer's claims of discrimination under the Federal Fair Housing Act based upon the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine holds that lower United States federal courts should not sit in direct review of final state court decisions unless Congress has specifically authorized such relief. *Lance v. Dennis,* 546 U.S. 459 (2006). The basis for the *Rooker-Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction and by statute they are precluded from serving as appellate courts to review state court judgments as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257. *Nicholson v. Shafe*, 558 F.3d 1266, 1272 (11th Cir. 2009) (*citing Dornheim v. Sholes*, 430 F.3d 919, 923, (8th Cir. 2005)).

The *Rooker-Feldman* doctrine is inapplicable to the instant proceeding for at least two reasons. First, the *Rooker-Feldman* doctrine applies only when a litigant

waits until the conclusion of a state court matter and then initiates a federal suit. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n. 9 (11th Cir. 2013). In the instant case, Mercer did not wait for the conclusion in the state court case to initiate the Federal suit. *See also Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005).

Second, contrary to the Landlord's repeated assertions, Mercer does not seek the District Court's review of an order of the state court. The eviction order the Landlord obtained from the state court is not being appealed to the District Court and could not have been appealed in federal court. Rather, Mercer asserts that the eviction order was obtained in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, because the Landlord's only motive in failing to renew her lease and subsequently evicting her was discriminatory. Mercer seeks protection of her statutory right to equal housing opportunities regardless of disability, as guaranteed by 42 U.S.C. § 3601 *et seq.* Mercer has not sought in federal court a determination of whether or not Florida law allowed Mercer to be evicted under the unique facts of that case. (Namely whether Mercer could be evicted for not paying into the Court's registry money she had already paid to the Landlord).

The state court did not consider Mercer's fair housing claims, and refused to do so because Mercer had not exhausted her administrative remedies. Mercer undeniably has the right have her housing discrimination claims heard in federal

6

court, and did not lose that right merely because her landlord first filed a retaliatory eviction complaint in state court.

Mercer is not seeking review of whether Mercer should have been evicted based upon failure to pay rent in to the court registry. Rather, in this federal action, Mercer asserts that her lease was not renewed and that the complaint for eviction was filed solely based upon discriminatory motives and to retaliate against Mercer for having previously successfully exercised her fair housing rights.

The *Rooker-Feldman* doctrine applies only when a plaintiff that has lost a claim in state court and then, subsequent to conclusion of the state case, seeks a federal court ruling on the same issue. Not only has Mercer not lost her fair housing claims in state court, those claims have never been considered by the state court. *Berry v. Schmitt*, 688 F.3d 290, 298–99 (6th Cir. 2012) (in order to determine whether a state court action is a decision over which federal jurisdiction is precluded by *Rooker–Feldman* doctrine, the court evaluates whether the state court addressed the claim on the merits).

In *Nicholson v. Shafe*, the Eleventh Circuit set forth a four-factor test to guide the application of the *Rooker-Feldman* doctrine, finding that it bars federal court jurisdiction where:

(1) the party in federal court is the same as the party in state court,

7

(2) the prior state court ruling was a final or conclusive judgment on the merits,

(3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and

(4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. 558 F.3d 1266, 1272 (11th Cir. 2009) (Internal citations omitted).

Applied to the facts of this case, although the parties are the same, there has been no state court ruling on the merits of Mercer's fair housing claims. Mercer did not have a reasonable opportunity to have her federal fair housing claims considered in the state court eviction case because she would have been ousted from her home before her discrimination claims were addressed. The issue of whether the state court eviction is legal under state law is wholly separate and distinct from whether the Landlord failed to renew Mercer's lease and evicted her for discriminatory reasons in violation of the Fair Housing Act. Counsel for the Landlord conceded that fact at the August 26, 2013 hearing before Judge Scola, when she succinctly stated," [t]he claims currently before Your Honor in federal court have nothing to do with the eviction that was entered by the state court." (A-51, p. 7:11-13, Vol. 2)

8

The Eighth Circuit recently confronted a nearly identical issue and, in an unpublished opinion, held that the *Rooker-Feldman* doctrine did not prevent the federal court from exercising jurisdiction over a lawsuit alleging that the defendant had unlawfully discriminated against plaintiff in violation of the Federal Fair Housing Act by pursuing a discriminatory eviction proceeding against the plaintiff in state court. *Stebbins v. Harp & Assocs., LLC*, No. 13-1262, 2013 WL 4105654 (8th Cir. Ark. Aug. 15, 2013) ("We conclude there was no *Rooker-Feldman* bar to the district court's exercise of subject matter jurisdiction. (*quoting Dornheim v. Sholes*, 430 F.3d 919, 923-24 (8th Cir. 2005) (*Rooker-Feldman* doctrine applies only when federal suit is filed after completion of state court action))").

## B.    Mercer's claims are not barred by the Anti-Injunction Act.

The Anti-Injunction Act does not preclude this court from enjoining the state court eviction proceeding because Mercer's Federal Fair Housing rights cannot be meaningfully protected in the state court and therefore an exception to the Anti-Injunction Act applies. *Younger*, 401 U.S. 37, 41 (1971).  Exemplary of the Anti-Injunction Act is *Caulder v. Durham Housing Authority*, wherein the Fourth Circuit affirmed the injunction of a state court eviction proceeding where, as here, "plaintiff's right, if any, to litigate the issues in a state court appear[ed] more theoretical than real." 433 F.2d  998, 1002 (4th Cir. 1970).

9

In *Sinisgallo v. Town of Islip Housing Auth*ority, 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012), the district court enjoined a state court eviction proceeding until final consideration of plaintiffs' disability discrimination claims, finding an exception to the Anti-Injunction Act, namely that the federal court would not be able to provide meaningful relief to plaintiffs if they had already lost their housing due to the eviction. (A federal court properly acts "in aid of its jurisdiction" where enjoining state proceedings is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.) (*quoting*, *Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S. Ct. 1739, 1743  (1970).)

In the instant case, Mercer was not allowed to assert her fair housing rights in the state court proceeding, and in fact her fair housing claims were dismissed for failure to exhaust administrative remedies. Having the administrative agency determine that Mercer's fair housing claims are valid would be a hollow victory if she had become homeless in the interim.  In the circumstance that a discrimination victim would be displaced from his or her housing before the discrimination claims have been heard, it is appropriate for a federal court to enjoin state eviction proceedings. The Anti-Injunction Act does not apply to Mercer because she was not allowed to raise her federal discrimination claims in the state eviction

10

proceeding.   *See Caulder v. Durham Hous. Auth.*, 433 F.2d 998, 1002 (4th Cir.1970); *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317-318, (E.D.N.Y. 2012).

## C.     The circumstances of this case do not warrant abstention.

The Landlord next argues that under the *Younger* doctrine this Court should abstain from adjudicating Mercer's federal fair housing claims due to the continued pendency of the state matter.[1] Abstention is an exception rather than the rule. *Oxford House Evergreen v. City of Plainfield*, 769 F. Supp 1329, 1334 (D.N.J. 1991) (*citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976)).

The *Younger* doctrine holds abstention is appropriate where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The *Younger* abstention doctrine has, in very narrow circumstances, been extended to state civil proceeding, based upon a three prong test; there must be an ongoing state proceeding, the proceeding must implicate important state interests, and there must be an opportunity in the state proceeding to raise the federal claims.

---

[1] Appellant's argument that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine is directly contradicted by this assertion, because, as noted above, the *Rooker-Feldman* doctrine applies only to final state court decisions.

None of the prongs are satisfied here.   The default judgment of eviction the Landlord obtained in state court is final. The fact that the District Court has enjoined the Landlord from ousting Mercer pending resolution of her fair housing claims does not breathe life back into the state proceeding. There is nothing left to be determined by the state court; a default judgment was issued and Mercer's fair housing claims were dismissed. Further, the state of Florida has no important state interest in evicting a seventy-seven year-old disabled woman.

Also, as explained above, Mercer did not have full and fair opportunity to litigate her federal claims in the state proceeding, or in fact *any* opportunity. Florida's Fourth District Court of Appeal has created a condition precedent that requires discrimination victims to exhaust administrative remedies. *Sun Harbor Homeowners' Ass'n v. Bonura*, 95 So. 3d 262, 267, 2012 Fla. App. (Fla. 4th DCA 2012)   ("we agree that the Florida Act, as interpreted by this Court, requires exhaustion of administrative remedies as a condition precedent to the institution of a civil suit")  (citing *Bellete v. Halford*, 886 So. 2d 308  (Fla. 4th DCA 2004)).

Finally, there is an exception to the *Younger* doctrine in this case due to the irreparable injury that could befall Mercer if this court fails to exercise jurisdiction. *See Sullivan v. Pittsburgh*, 811 F.2d 171, 177 (3d Cir. 1987), cert. den., 484 U.S.

12

849, 108 (1987) (*citing Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975)); *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) Loss of housing is presumed to cause irreparable harm that monetary relief cannot cure. *See also Johnson v. U S. Dep 't of Agric.*, 734 F.2d 774, 788 (11th Cir. 1984) ("[l]rreparable injury is suffered when one is wrongfully ejected from his home.  Real property and especially a home is unique."). Mercer will suffer irreparable injury if the discriminatory eviction is not enjoined.

### D. *Res judicata* does not bar Mercer's requested injunctive relief.

Notwithstanding the fact that the state court never reached the merits of Mercer's fair housing claims, the Landlord argues that, based upon *res judicata*, the District Court is barred from enjoining the Landlord's efforts to oust Mercer from her home. Contrary to the Landlord's repeated assertions, the federal case before Judge Scola concerns whether the Landlord violated the fair housing act by failing to renew Mercer's lease and evicting Mercer because of her assistance animal and because Mercer previously asserted her fair housing rights. The federal case does not attempt to re-litigate the matter of whether Mercer's eviction based upon an alleged failure to comply with Section 83.60(2) Fla. Stat. (2013) was proper.

13

Even *assuming arguendo* that the state court was correct, and Mercer's failure to pay rent into the court registry, rather than as she did to the Landlord, required a default eviction, (a ruling that Mercer did not raise in her federal complaint) Mercer should be granted injunctive relief. Because the Landlord had a discriminatory motive in failing to renew Mercer's lease and in filing the eviction complaint, the eviction judgment was still obtained in violation of the Fair Housing Act, and Mercer should be granted injunctive relief until the merits of her discrimination claims have been considered. Simply put, Mercer's fair housing claims have never been considered and accordingly are not barred by *res judicata*.

## II. MERCER'S SETTLMENT AGREEMENT CONCERNING PRIOR DISCRIMINATORY ACTS BY THE LANDLORD HAS NO BEARING ON THE LANDLORD'S SUBSEQUENT DISCRIMINATORY ACTS

The Landlord's final argument is that Mercer is precluded from bringing what it asserts are "the same discrimination claims" because Mercer had brought an earlier housing discrimination complaint based upon the Landlord's first attempt to oust her from her home because she relies on an assistance animal. In what appears to be a tacit admission of a pattern of discriminatory behavior, the Landlord acknowledges that, rather than engage in a good faith dialogue when Mercer requested an accommodation as it is required to do if skeptical of the request, *United States v. Hialeah Hous. Auth.*, 418 Fed. Appx. 872, 877, (11th Cir.

14

2011) it attempted to evict Mercer. "Since Landlord's position was that Tenant was not disabled and that she simply wished to stay in the apartment with her pet, Landlord filed a Complaint for Tenant Eviction.". [Initial Brief at 21]

It is true that Mercer responded to the 2012 eviction complaint with a prompt counterclaim for housing discrimination, which she subsequently dismissed based upon the Landlord forgoing two month's rent and renewing of her lease. (A-21, Ex. "F", Vol. 1). The Landlord now argues that the settlement agreement regarding its illegal attempt to evict Mercer in 2012 meant that it was free to discriminate against Mercer with impunity in 2013. Nothing in the settlement agreement required Mercer to vacate her home after May of 2013. The Landlord was presumably free to fail to renew Mercer's lease if it had a nondiscriminatory reason for so doing, but has failed to ever articulate one such a reason.

The instant suit is based upon the Landlord's failure to renew Mercer's lease and subsequent attempt to evict Mercer after the settlement agreement was signed, both of which Mercer alleges were based upon discriminatory motives.

The District Court disposed of this argument previously raised in the Landlord's "Motion to Enforce Settlement Agreement and Dissolve Temporary Restraining Order" (A:21, Vol. 1) with two sentences: "Sechan Realty's motion to enforce the settlement agreement is denied because the settlement resolved a prior dispute (approximately one year ago) when Sechan Realty previously attempted to

evict Mercer. It does not control the current dispute that arose after that settlement was executed." This Court should give the Landlord's final argument no more weight than did the District Court.

## CONCLUSION

The District Court did not abuse its discretion in issuing a preliminary injunction that will maintain the status quo until the merits of Appellee Nanette Mercer's fair housing claims have been determined, and accordingly the order granting preliminary injunctive relief should be upheld.

## CERTIFICATE OF COMPLAINCE

I hereby certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 3,461 words.

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on March 20, 2014, a copy of the foregoing was electronically submitted via CM/ECF and served via U.S. Mail and electronic mail upon Elizabeth D. Gaukroger, Esq., Hackelman, Olive & Judd, P.A., 2438 E. Las Olas Blvd., Fort Lauderdale, FL 33301, egaukroger@hojlaw.com, and was sent by Federal Express to the Clerk of Court.

By: ____/s/_____

**MARCY I. LAHART, P.A.**
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
4804 SW 45th Street
Gainesville, Florida 32608
Ph: (352) 224-5699

By:____/s/_____

**ROBERT N. HARTSELL, P.A.**
Robert N. Hartsell, Esq.
Florida Bar No. 636207
Sarah M. Hayter, Esq.
Florida Bar No. 83823
Robert@Hartsell-Law.com
Sarah@Hartsell-Law.com
Federal Tower Building
1600 S. Federal Highway, Suite 921
Pompano Beach, Florida 33062
Ph: (954) 778-1052
Fax: (954) 941-6462