CASE NO.: 13-15207-B

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

SECHAN REALTY, INC.,

Defendant/Appellant,

v.

NANETTE MERCER,

Plaintiff/Appellee.

_____

# ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

## THE HONORABLE ROBERT N. SCOLA, JR.

## APPELLANT'S REPLY BRIEF
_____

Author block

**HACKLEMAN, OLIVE & JUDD, P.A.**
Kara L. Strochlic, Esquire
Fla. Bar. No. 84726
Attorneys for Appellant
2438 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Phone: (954) 334-2250
Fax:   (954) 334-2259
kstrochlic@hojlaw.com

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS..............................................................................i

TABLE OF CITATIONS.............................................................................ii

ARGUMENT..............................................................................................1

I.  The *Rooker-Feldman* Doctrine Applies Because Tenant Waited Until After the Entry of a State Court Final Judgment to File an Action in Federal Court Seeking an Injunction Enjoining the State Court Final Judgment.........................................1

II. The "Necessary in Aid of Its Jurisdiction" Exception to the Anti-Injunction Act Does Not Apply.....................................................................................2

III. Abstention was Warranted....................................................................4

IV.  Res Judicata  and  Collateral  Estoppel  Bar  the  Entry  of  the  Preliminary Injunction Enjoining a Valid and Final State Court Judgment, to Which the Federal Court Was Bound to Give Preclusive Effect............................................5

CERTIFICATE OF COMPLIANCE.........................................................7

CERTIFICATE OF SERVICE.................................................................7

# TABLE OF CITATIONS

## Cases

*Jesson, Inc. v. Tedder*, 481 So. 2d 554 (Fla. 4th DCA 1986)....................................3

*Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198 (2006)...............................................2

*Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S. Ct. 1327 (1985)......................................................................................................................5, 6

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519 (1987).......................4, 5

*Peterson v. Merscorp Holdings, Inc.*, No. 1:12-cv-00014-JEC, 2012 WL 3961211 (N.D. Ga. Sept. 10, 2012).........................................................................................3

*Sierra v. City of N.Y.*, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008)...........................3

*Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971)..............................................4

## Statutes

28 U.S.C. § 2283..........................................................................................................2

42 U.S.C. § 3613....................................................................................................2, 4-5

Fla. Stat. § 83.60..........................................................................................................5

## ARGUMENT

Tenant has improperly used the federal forum to appeal a valid and final state court judgment for eviction. Tenant chose to pursue her Fair Housing Act claims in state court, and only after the state court entered a final judgment for eviction against Tenant did Tenant apply to the federal district court for a Preliminary Injunction seeking to enjoin the state court final judgment.

### I.    The *Rooker-Feldman* Doctrine Applies Because Tenant Waited Until After the Entry of a State Court Final Judgment to File an Action in Federal Court Seeking an Injunction Enjoining the State Court Final Judgment

Tenant asserts that the *Rooker-Feldman* doctrine does not prevent the federal court from exercising jurisdiction over Tenant's Fair Housing Act claims. However, that is not the issue raised by Landlord in this appeal. As recognized by Tenant, the *Rooker-Feldman* doctrine prevents federal courts from serving as appellate courts to review state court judgments. By applying to the federal district court for a Preliminary Injunction enjoining a state court final judgment for eviction, that is precisely what Tenant succeeded in doing, resulting in this appeal.

According to Tenant, the *Rooker-Feldman* doctrine is inapplicable because: (1) it only applies when a litigant waits until the conclusion of a state court matter and then initiates a federal suit; and (2) Tenant does not seek the federal court's review of a state court judgment. First, Tenant waited until the state court entered a **final judgment** for eviction before she initiated her federal action. Second, by

1

applying to the federal court for a Preliminary Injunction, Tenant was not only seeking review of the state court final judgment, but was seeking to enjoin it.

Tenant is therefore precluded from seeking appeal of the state court final judgment in the district court under the *Rooker-Feldman* doctrine. *See Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 1199 (2006) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced.").

II.    The "Necessary in Aid of Its Jurisdiction" Exception to the Anti-Injunction Act Does Not Apply

Tenant next argues that the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act applies because Tenant was not allowed to raise her federal discrimination claims in the state court eviction proceeding. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). This is simply an incorrect statement. In fact, pursuant to 42 U.S.C. Section 3613(a)(1)(A), Tenant could have brought her Federal Fair Housing Act claims in state court. *See* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court **or State court** not later than 2 years after the occurrence or the termination of an alleged discriminatory housing

2

practice."); *see also Jesson, Inc. v. Tedder*, 481 So. 2d 554 (Fla. 4th DCA 1986) (noting that "state courts may be utilized to enforce rights granted citizens under federal legislation absent clear evidence of a contrary intent contained in such legislation").  Whether or not Tenant's **Florida** Fair Housing Act claims were dismissed for failure to exhaust administrative remedies is therefore irrelevant, as Tenant had the opportunity to assert her Federal Fair Housing Act claims in state court, yet chose to file those claims in federal court only **after** the state court entered its final judgment for eviction.

Therefore, Tenant's assertion that her right to litigate her Federal Fair Housing Act claims in state court appeared more theoretical than real is without merit, and the Anti-Injunction Act operates as a bar to the district court's entry of the Preliminary Injunction enjoining the state court final judgment.  *See Peterson v. Merscorp Holdings, Inc.*, No. 1:12-cv-00014-JEC, 2012 WL 3961211 at *9 (N.D. Ga. Sept. 10, 2012) (denying temporary restraining order based upon Anti-Injunction Act where party sought an order enjoining state court eviction); *see also Sierra v. City of N.Y.*, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008) (noting that none of the exceptions applied in Fair Housing Act case, and finding that Anti-Injunction Act "bars plaintiff's application for injunctive relief to stay the Housing Court eviction proceedings and to prohibit defendant . . . from prosecuting the eviction").

<u>III.    Abstention Was Warranted.</u>

Tenant further improperly argues that abstention was not warranted because: (1) the judgment Landlord obtained in state court is final[1]; (2) Florida has no important interest in evicting Tenant; and (3) Tenant did not have an opportunity to litigate her federal Fair Housing Act claims in state court.

First, as recognized by the United States Supreme Court, the *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971) abstention doctrine applies to prevent federal district courts from enjoining final state court judgment. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14, 107 S. Ct. 1519, 1527-28 (1987) (applying abstention doctrine to case involving challenge to the process by which the state compels compliance with the judgments of its courts and noting that "[n]ot only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained).

Second, the reasoning behind the abstention doctrine is not to preserve the private interests of competing litigants but "rests on the importance to the State of enforcing the orders and judgments of their courts." *Id.* at 13, 1527.

Finally, as previously stated, Tenant was not procedurally barred from pursuing her Federal Fair Housing claims in state court.   *See* 42 U.S.C. §

---

[1] Notably, Tenant's argument that the *Rooker-Feldman* doctrine does not apply because Tenant did not wait for the conclusion in the state court case to initiate her federal suit is directly contradicted by Tenant's assertion that the state court judgment for eviction is a final judgment.

4

3613(a)(1)(A) (providing that Federal Fair Housing Act claims may be brought in either state or federal court); *see also Pennzoil Co.* 481 U.S. 1 at 14, 1527 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Therefore, the district court should have abstained from ruling on Tenant's Motion for Preliminary Injunction.

### IV.   Res Judicata and Collateral Estoppel Bar the Entry of the Preliminary Injunction Enjoining a Valid and Final State Court Judgment, to Which the Federal Court Was Bound to Give Preclusive Effect.

Tenant also attempts to confuse the issues by arguing that the "federal case does not attempt to re-litigate the matter of whether Mercer's eviction based upon an alleged failure to comply with Section 83.60(2) Fla. Stat. (2013) was proper." When Tenant applied to the district court for a Preliminary Injunction preventing Landlord from taking steps to evict her pending the determination of the merits of Fair Housing Act claims, what she was, in fact, asking the district court to do was to enjoin the state court from enforcing its final judgment for eviction.  Because Tenant's Motion for Preliminary Injunction was aimed at circumventing the final state court judgment for eviction, the district court was bound to give preclusive effect to the state court judgment under the doctrines of res judicata and collateral estoppel.  *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373,

380, 105 S. Ct. 1327, 1331-32 (1985) ("The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which . . . . directs a federal court to refer to the preclusion law of the State in which judgment was rendered.").

In conclusion, contrary to Tenant's allegations, Tenant had every opportunity to raise her Federal Fair Housing Act claims in state court, yet chose not to do so. Instead, she waited until the state the court entered a final judgment for eviction before filing her Complaint in the district court. Under the *Rooker-Feldman* doctrine, the Anti-Injunction Act, the *Younger* abstention doctrine, and the principles of res judicata and collateral estoppel, the district court was precluded from reviewing, interfering with, and enjoining the state court final judgment for eviction. Accordingly, the Preliminary Injunction entered by the district court should be overturned.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies the type-volume limitation set forth in FRAP 32(a)(7)(B).  This brief contains 1,414 words.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on April 3rd, 2014, a copy of the foregoing was electronically submitted via CM/ECF and served by U.S. mail and electronic mail on Robert N. Hartsell, Esquire and Sarah Hayter, Esquire, Robert N. Hartsell, P.A., 1600 S. Federal Highway, Suite 921, Pompano Beach, Florida 33062, robert@hartsell-law.com, sarah@hartsell-law.com, and on Marcy I. LaHart, Esquire, Marcy I. LaHart, P.A., 4804 SW 45th Street, Gainesville, Florida 32608, Marcy@floridaanimallawyer.com, and was sent by Federal Express to the Clerk of the Court.

By: /s Kara L. Strochlic
Kara L. Strochlic, Esquire
Fla. Bar No.: 84726
kstrochlic@hojlaw.com
Hackleman, Olive & Judd, P.A.
Attorneys for Appellant
2438 E. Las Olas Blvd.
Fort Lauderdale, Florida 33301
Phone: (954) 334-2250

7